IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| James Allen Williams, Jr., Petitioner, | ) ) ) | |
| v. | ) ) | 1:11cv1166 (JCC/TRJ) |
| Harold Clarke, Respondent. | ) ) ) | |

## MEMORANDUM OPINION

James Allen Williams, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of three counts of robbery entered on a guilty plea in the Circuit Court for the City of Richmond. On April 3, 2012, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Williams was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and after obtaining an extension of time to do so, he filed a Brief in Response to Motion to Dismiss on May 17, 2012. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

On June 18, 2007, petitioner entered a plea of guilty to charges of three separate robberies. By Order entered October 16, 2007 and amended May 23, 2008, petitioner was sentenced to an aggregate term of ninety (90) years in prison with sixty (60) years suspended. Case Nos. CR07-F-9250, CR07-F-9251, CR07-F-3071; Resp. Ex. A. Petitioner took a direct

1

appeal, arguing that the trial court deprived him of due process when it did not consider mitigating evidence during the sentencing phase. His petition for appeal was denied pursuant to Rule 5A:18 because he "did not ... argue to the trial court that he was deprived of due process." Williams v. Commonwealth, R. No. 2394-07-2 (Va. Ct. App. June 4, 2008); Resp. Ex. B. The Supreme Court of Virginia subsequently refused Williams' petition for further review. Williams v. Commonwealth, R. No. 081281 (Va. Dec. 10, 2008).

On November 29, 2009, petitioner filed an application for a state writ of habeas corpus in the trial court, raising the following claims:

> 1. His guilty plea was involuntary because he did not understand the possible penalties or the elements of the charged crimes, and because the Commonwealth made promises in an unwritten plea agreement that it did not keep.
>
> 2. He was denied effective assistance of counsel because his lawyer erroneously told him he would receive a lighter sentence if he pleaded guilty.
>
> 3. He was denied effective assistance of counsel because his lawyer misinformed him that the evidence, in the form of petitioner's statement to the police, was sufficient to convict him.
>
> 4. He was denied effective assistance of counsel because his lawyer advised him that the charges would be dismissed instead of *nolle prosequi*, and that he would receive concurrent sentences.
>
> 5. He was denied effective assistance of counsel because his lawyer failed to advise him about the illegality of his involuntary confession.

By Order dated June 29, 2010, the petition was denied and dismissed. Williams v. Dir., Dep't of Corrections, R. No. CL09-5423; Resp. Ex. E. Williams appealed that result to the

Supreme Court of Virginia, which dismissed the appeal on the holding that "the appeal was not perfected in the manner provided by law because the appellant failed to file the notice of appeal in the ... circuit court." Williams v. Johnson, R. No. 102124 (Va. June 24, 2011); Resp. Ex. F. Petitioner moved for reconsideration of that result, but his motion was denied. Williams v. Johnson, R. No. 102124 (Va. Sept. 21, 2011); Resp. Ex. F.

Williams then turned to the federal forum and timely filed this action for relief pursuant to § 2254 on October 17, 2011,[1] raising the following claims:

1. His conviction was obtained through unconstitutional police actions, where he was arrested without probable cause and subjected to an unduly suggestive show-up procedure, and where incriminating evidence was fabricated to support his arrest and conviction.

2. His conviction was obtained through an involuntary and coerced plea of guilty, where the police used unconstitutional tactics and counsel rendered ineffective assistance.

3. He received ineffective assistance of counsel where his attorney conducted no pretrial investigation and failed to challenge the initial seizure, detention, suggestive identification, fabricated confession or involuntariness of the plea.

4. His right to due process was violated when the Circuit Court for the City of Richmond denied him an opportunity to amend his habeas application after finding it legally and factually insufficient.

As noted above, respondent has filed a Rule 5 Answer and a Motion to Dismiss the

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Williams certified that he placed his petition in the prison mail system on October 17, 2011. Pet. at 15.

petition, along with the notice required by <u>Roseboro</u>, 528 F.2d at 309, and petitioner has filed a reply. Accordingly, this matter is now ripe for review.

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); <u>Granberry v Greer</u>, 481 U.S. 129 (1987); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., <u>Duncan v. Henry</u>, 513 U.S. 364 (1995). In addition, in order to preserve the right to federal collateral review, a petitioner must have fairly presented to the state courts a claim that his federal rights were violated. <u>Id</u>. at 365.

Moreover, this does not end the exhaustion analysis, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." <u>Baker v. Corcoran</u>, 220 F.3d 276, 288 (4th Cir. 2000) (citing <u>Gray v. Netherland</u>, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." <u>Id.</u> (quoting <u>Gray</u>, 518 U.S. at 162). A petitioner may overcome procedural defaults and have his claims addressed on

4

the merits by showing either cause and prejudice for the default or that miscarriage of justice would result from the lack of such review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

In addition, where a state court has made an express determination of procedural default, the state court's finding is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

### III. Analysis

In his first claim, Williams argues that his conviction was obtained through unconstitutional police actions, because he was arrested without probable cause and subjected to an unduly suggestive show-up procedure, and because incriminating evidence was fabricated to support his arrest and conviction. Because this claim was never presented to the Supreme Court of Virginia, and it is clear that the claim would be procedurally barred under Virginia law if Williams now attempted tried to do so,[2] the claim is simultaneously exhausted and defaulted for

---

[2]Petitioner's ability now to present his first claim to the Supreme Court of Virginia is foreclosed both by Va. Code § 8.01-654(B)(2), which precludes the filing of successive habeas petitions where the underlying facts were known at the time the first such application was filed, and by Va. Code

5

purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review procedurally barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his Brief in Response to the Motion to Dismiss, petitioner argues essentially that the procedural default of his first claim should be excused because it was caused by ineffective assistance of trial counsel. This argument fails because "a claim of ineffective assistance [generally must] ... be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). Because the charge of ineffective assistance Williams makes here has not been presented to and adjudicated by the Virginia courts, it cannot constitute cause for the procedural default of claim one, so the claim is barred from federal consideration.

In his second claim, Williams asserts that his conviction was obtained through an

---

§ 8.01-654(A)(2), which sets out a maximum two-year limitations period for the filing of a Virginia habeas corpus application.

involuntary and coerced plea of guilty, where the police used unconstitutional tactics and counsel rendered ineffective assistance. Specifically, petitioner alleges that counsel refused to investigate and challenge the unlawful actions of the police, and misadvised petitioner that he had no defense. Pet. at 7 - 8. As respondent argues, this claim was never presented to the state courts because, although petitioner did raise a state claim that he received ineffective assistance of counsel in connection with his guilty plea, in that instance he asserted that the plea was rendered involuntary because he did not understand the elements of the charged crimes and because the Commonwealth failed to keep promises it made in a unwritten plea agreement. Resp. Ex. F at ¶14. Because petitioner's state and federal claims are factually disparate, the federal claim is not exhausted, Duncan, 513 U.S. at 364, and hence is now procedurally defaulted. Bassette, 915 F.2d at 932.[3]

In his third claim, Williams again alleges that he received ineffective assistance of counsel where his attorney conducted no pretrial investigation and failed to challenge the initial seizure, detention, suggestive identification, fabricated confession or involuntariness of the plea.

---

[3]Read very broadly, it is possible that petitioner's allegation in his second federal claim that counsel misadvised him that he had no defense, Pet. at 8, might be interpreted to equate to his argument in Claim (C) in his state habeas application that counsel was ineffective for misadvising him that the evidence was sufficient to convict him. Even if so, the claim still is procedurally barred from federal review, because the Supreme Court of Virginia declined to review its denial on the holding that "the appeal was not perfected in the manner provided by law because the appellant failed to file the notice of appeal in the...circuit court." Williams v. Johnson, supra. Such an express determination of procedural default by a state tribunal is presumptively correct. 28 U.S.C. § 2254(d). Accordingly, an Order was entered on October 23, 2012, allowing plaintiff an opportunity to show cause why his claim should not be dismissed on that basis. In a response captioned as a Motion to Show Cause, petitioner urges this Court to "consider all the evidence old and new, incriminating and exculpatory without regard to whether it would necessarily be admitted ... at trial." Dkt. 27. Even if petitioner had not pleaded guilty to the offenses at issue, his argument is irrelevant to the issue of procedural default, and the second claim of this federal petition is procedurally barred from consideration.

As the respondent argues, this claim also was not presented to the state courts, because petitioner predicated his ineffective assistance claim in his state habeas proceeding on different facts. However, in Martinez v. Ryan, 566 U.S. __, 132 S.Ct. 1309 (2012), the Supreme Court held that where state law provides that a claim of ineffective assistance of trial counsel must be presented in an initial-review collateral proceeding, a substantial claim of ineffective assistance is not procedurally barred from federal review if there was no counsel or ineffective counsel at the initial-review collateral proceeding. The Court expressly recognized that "[w]hen faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.*, it does not have any merit or that it is wholly without factual support...." Id. at 1319. Respondent makes that argument here, Resp. at 22 - 23, 27, and for the following reasons, his position is well taken.

To establish ineffective assistance, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A

8

reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

The Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson, 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. United States v. Lemaster, 403 F.3d 216, 221 - 22 (4th Cir.2005); Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

9

In this case, review of petitioner's plea colloquy on June 18, 2007 reveals that petitioner stated at that proceeding that he fully understood the charges against him and had had time to discuss them with his lawyer. Resp. Ex. D, Sub-Ex. C at 7. After that discussion, petitioner freely and voluntarily made his own decision to plead guilty to all charges, and entered such pleas because he was in fact guilty. Id. at 8. Petitioner told the Court that he was satisfied with the services of his lawyer, and when asked specifically by the Court if counsel had talked to petitioner about the case, interviewed him, and "gone over he situation with" him, petitioner responded, "Yes, sir." Id. at 10. Petitioner acknowledged that he understood all of the Court's questions and had answered them truthfully, and the Court accepted the pleas on the finding that petitioner "understood the nature of the charges" and "the consequences of [the] pleas." Id. at 11. Because petitioner is bound by these statements, Lemaster, 403 F.3d at 221 - 22, and because the voluntariness of the plea has not been successfully challenged, petitioner cannot now show that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59. Therefore, petitioner's arguments in claims 2 and 3 of this petition that he received ineffective assistance in connection with his guilty plea are not "substantial" and do not establish cause for the procedural default of those claims in the state forum. Cf. Martinez, 566 U.S. at 1319. The claims thus also are defaulted from federal review. Harris, 489 U.S. at 260.

In his fourth claim, petitioner alleges that his right to due process was violated when the Circuit Court for the City of Richmond denied him an opportunity to amend his habeas application after finding it legally and factually insufficient. Even if true, such a circumstance provides no basis for § 2254 relief. "[A] challenge to procedures employed by a state habeas

court is not cognizable on federal habeas review...." Powell v. Kelly, 562 F.Supp.2d 695, 736 (E.D. Va. 2008), aff'd, 562 F.3d 656 (4th Cir. 2009), cert. denied, 130 S.Ct. 1281 (2010); accord, Lawrence v. Brinkley, 517 F.3d 700, 717 (4th Cir.), cert. denied, 555 U.S. 868 (2008) (noting that, because a state prisoner has no federal constitutional right to postconviction proceedings in state court, "even where there is some error is state post-conviction proceedings, a petitioner is not entitled to federal habeas relief"). Here, then, Williams' fourth claim warrants no federal relief.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed, with prejudice. Petitioner's Motion for Order to Show Cause will be denied. An appropriate Order shall issue.

Entered this 22nd day of January 2013.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge